In the Matter of the Claim of FRANCES GLICKMAN, Respondent, against GREATER NEW YORK TAXPAYERS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Decedent was an outside field man and investigator for a casualty insurance company. He worked in The Bronx. On his way from his summer apartment in Woodridge, where he had spent the week end with his family, to The Bronx he was killed in an automobile accident at Middletown. He was carrying files connected with his work in his car. We think his death was in the course of employment for the following reasons: (a) he was an outside worker, not employed in any one fixed place and had left his residence, even though it was a distant and not fully continuous residence, for the area of employment; (b) the employer had knowledge it was the practice of decedent to spend summer week ends at his place in Woodridge; (c) when the business of the employer required it, decedent worked and could be called on to work Sundays and week ends; (d) the presumptions of the statute add strength to the claim. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.

█

In the Matter of the Claim of MAX MATTES, Respondent, against GERTRUDE BLUM et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and insurance carrier from a decision and award made in claimant's favor by the Workmen's Compensation Board. The award was for a period of claimant's total disability due to an occupational disease, viz., bronchial asthma, or "bakers asthma". The uncontradicted evidence is that claimant was one who had long been subject to the kind and nature of the asthmatic attacks which disabled him on September 15, 1947, and had suffered therefrom on many occasions at least as far back as 1925, and had been treated and hospitalized at various times while working at his trade as a baker. From 1942 he worked for his daughter, the employer appellant, in her bakery business until she sold it in April, 1947. Thereafter he worked intermittently as a baker for other employers until his disabling attack in the following September. During the five years he was in his daughter's employ he was continuously subject to and from time to time suffered from asthmatic attacks, one of which, in 1945, was so disabling that he was hospitalized for six days, and in the duration of that employment he was under the care and treatment of a doctor who saw him professionally two or three times a month. When the whole record is considered there is no evidence which definitely supports or in any substantial way may be said to give rise to inferences to support the findings that claimant contracted the occupational disease from and while in his daughter's employ and within twelve months previous to September 15, 1947. Decision and award reversed, on the law, without costs, and the claim remitted to the Workmen's Compensation Board for consideration of such further proofs as may be submitted as to the time and place claimant contracted the disease which disabled him. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part. [See 281 App. Div. 775.]